EDITH M. WENSLEY, Respondent, v. THE CITY OF NEW YORK and
Another, Appellants.   JOHN WENSLEY, Respondent, v. THE CITY OF
NEW YORK and Another, Appellants.— Motions denied.   Present — Stapleton, Mills, Rich and Putnam, JJ.

MARY WHALEN, as Administratrix, etc., Respondent, v. THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.— Motion
for reargument or for leave to appeal to the Court of Appeals denied,
without costs.   Present — Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ.

ELLEN V. XAVIER, Respondent, v. DELIA NAUGHTON, Appellant.—
Motion denied, without costs.   Present — Jenks, P. J., Thomas, Carr,
Stapleton and Putnam, JJ.

ANTONIO AMBROSIO, Appellant, v. CRESCENZO MEO, Respondent.—
Plaintiff's testimony in the Supreme Court trial, to the effect that he did
not say, "Stand back or I will fire," and that at this time he had no revolver, raised an issue as to the truth of the original charge so that the jury
might find that defendant's charge was untrue, and possibly infer therefrom malice and want of probable cause.   The judgment of dismissal is
therefore, reversed and a new trial granted, with costs to appellant to abide
the event.   Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred.

LUCY W. BOYLE, Respondent, v. FRANK J. HAYES and JOHN N. BOYLAN, as Executors, etc., of JOHN B. SALTER, Deceased, Appellants.— Judgment and order reversed and new trial granted, costs to abide the event,
on the ground that the verdict is excessive.   Jenks, P. J., Carr, Stapleton,
Rich and Putnam, JJ., concurred.

PAWEL BRZOZOWSKI, Respondent, v. FELIX J. BRZOZOWSKI and
Another, Defendants, and STANISLAWA SZERVART, Appellant.—The
judgment is reversed and a new trial is granted, costs to abide the final
award of costs.   The proof shows that the appellant was entitled to a
mortgage to the extent of $262.30.   Moreover, there is no proof that the
defendants Felix J. Brzozowski and his wife, Annie Brzozowski, were
served or appeared and, therefore, any sale of the premises might not
afford a good title.   Upon the new trial the court should determine
whether a judgment in an action brought by the plaintiff could affect the
said Annie Brzozowski, who was a tenant in the entirety.   Jenks, P. J.,
Thomas, Carr, Stapleton and Putnam, JJ., concurred.

MARGARET GALVIN, as Administratrix, etc., of WILLIAM GALVIN,
Deceased, Appellant, v. FEDERAL SUGAR REFINING COMPANY, Respondent.— Order unanimously affirmed, with costs.   No opinion.   Present —
Jenks, P. J., Carr, Stapleton, Rich and Putnam, JJ.

JOHN GRESSWELL, Respondent, v. RALPH O'ROURKE, Appellant.—
Judgment and order unanimously affirmed, with costs.   No opinion.
Present — Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ.

ELIZABETH B. GUINEY, Appellant, v. TIMOTHY GUINEY, Respondent.—
Judgment affirmed, without costs.   No opinion.   Jenks, P. J., Thomas,
Carr, Rich and Putnam, JJ., concurred.